IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 24 CR 00461 |
| vs. | ) | |
| | ) | Judge Edmond E. Chang |
| **ROBERT MURILLO**, | ) | *Honorable Judge Presiding* |
| | ) | |
| Defendant. | ) | |

## MOTION ALLOWING DEFENDANT TO REMAIN ON RELEASE PENDING SENTENCING

NOW COMES the Defendant, **ROBERT MURILLO**, by and through his attorney, **Gary W. Adair**, respectfully requesting this Honorable Court for leave to allow Defendant to remain on release pending sentencing in the above-captioned cause. In support thereof, he states as follows:

1. On June 23, 2025 Defendant Robert Murillo pled guilty to Possession of a Controlled Substance with Intent to Distribute in violation of 21 USC 841 (a)(1). This was a non-mandatory minimum case. The matter is set for sentencing on September 23, 2025 at 12:15 p.m.

2. Because the offense carries a maximum penalty of ten years or more, the Defendant is subject to detention pending sentencing under 18 USC 3143(a). However, under 18 USC 3145(c) the Court has the discretion to allow his continued release upon a showing of "exceptional circumstances" justifying it.

3. Section 3145 (c) was intended to provide "an avenue of relief from the mandatory detention provisions" of the Bail Reform Act. United States v. Herrera-Soto, 961 F.2d 645 (Opinion/581416 (,7[th] Circuit, 1992).

4. The statute does not define "exceptional circumstances" and the courts are left to flesh out their own definition. In United States v. Mitchell, U.S. District Court, E.D. Wisconsin (2/22/05) (Judge Adelman), Memorandum Opinion, he stated "exceptional circumstances" has generally come to mean that which is unique, uncommon, rare or out of the ordinary and that the statute provides district courts considerable discretion and requires only that the court find that the defendants situation is sufficiently unique." Cited therein was US v. Kaquatosh, 252 F. Supp 2d 775 (E.D. Wis. 2003 that a court may make such a finding based on legal reasons, factual reasons or some combination of both.

5. There are a myriad of factual reasons to support his continued release: (i) this offense occurred about five and a half years ago and has had no arrests since then, (ii) he is the father of 5 dependent children, ages one to fifteen and he and his wife are expecting another (iii) he is the sole income earner for the family and his absence will severely hurt the family, (iv) he owns and manages his own business, a barber shop, in Blue Island and has operated it for several years, (v) while on release, he has incurred no violations, (vi) he owns his own home and has roots here, with his parents and four siblings in the area, (vii) he has no prior convictions of any magnitude, (viii) he is also presently under the care of a cardiologist for a blockage of his aorta and needs to follow up with that care; his next appointments are July 14th and August 8, 2025. at Advocate Healthcare. Dr. Michael Fassl's diagnosis is "FTR positive lesion at the distal left circumflex artery." Robert is still experiencing chest pain, (ix) he has no history of not appearing in courts and does not pose a danger to the community, and (x) his wife is pregnant and us due on August 18, 2025, hers is a problem pregnancy according to medical records. While in labor and during recovery he is needed to parent the kids and support her.

6. This case involves more than just a routine request to remain on bond. The good behavior over more than 5 years, the need for him to support his family, his compliance with all terms and conditions of pre-trial release for over 7 months, a concerning medical condition, and his wife's pregnancy create exceptional circumstances to allow him to remain on bond until sentencing.

      **WHEREFORE**, Defendant, **ROBERT MURILLO**, respectfully requests that this Honorable Court grant leave to allow Defendant to remain on release pending sentencing.

      Respectfully submitted,

Gary W. Adair      */s/ Gary W. Adair*
900 W. Jackson Blvd., Suite 5-East      Gary W. Adair
Chicago, Illinois 6060      Attorney for Defendant
(312) 738-1100
garywadair@gmail.com

# EXHIBIT A

# United States v. Mitchell

District Court, E.D. Wisconsin

**Citations:** 358 F. Supp. 2d 707, 2005 WL 433141, 2005 U.S. Dist. LEXIS 2884
**Full Case Name:** UNITED STATES of America, Plaintiff, v. Fred MITCHELL, Defendant
**Docket Number:** 1:03-cv-00194
**Judges:** Adelman

## Headmatter

UNITED STATES of America, Plaintiff, v. Fred MITCHELL, Defendant.
No. 03-CR-194.
United States District Court, E.D. Wisconsin.
Feb. 22, 2005.
Daniel Sanders (Sanders), Milwaukee, WI, for Plaintiff.
Michael Hart, for Defendant.

## Combined Opinion by Lynn S. Adelman (/person/60/lynn-s-adelman/)

*MEMORANDUM*

ADELMAN, District Judge.
Defendant Fred Mitchell pled guilty to participation in a conspiracy to distribute cocaine, contrary to 21 U.S.C. § 846. Because the offense carried a maximum penalty of ten years or more, he was subject to detention pending sentencing under 18 U.S.C. § 3143(a)(2). However, defendant argued that there were "exceptional reasons" justifying continuation of his bond. I agreed and therefore allowed him to remain on release. In this memorandum I set forth my reasons.

I. STANDARD FOR RELEASE PENDING SENTENCING

The general rule concerning release pending sentencing is set forth in 18 U.S.C. § 3143(a)(1), which provides:

> the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to *708 flee or pose a danger to the safety of any other person or the community if released ....

However, § 3143(a)(2) provides that defendants convicted of crimes of violence, offenses carrying a maximum sentence of life imprisonment or death, or drug crimes with a maximum term of ten years or more *must* be detained unless (1) the court finds that there is a substantial likelihood that a motion for acquittal or a new trial will be granted, *or* the government recommends that no sentence of imprisonment be imposed; *and* (2) the court finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger. 18 U.S.C. § 3143(a)(2).

But a person subject to detention under § 3143(a)(2) may move for release on the conditions set forth in § 3143(a)(1), in other words, if he shows by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released; and (2) "it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). Section 3145(c) was intended to provide "an avenue of relief from the mandatory detention provisions" of the Bail Reform Act. *United States v. Herrera-Soto,* 961 F.2d 645, 647 (/opinion/581416/united-states-v-efren-herrera-soto/#647) (7th Cir.1992).

The statute does not define "exceptional reasons." Consequently, courts have been left to flesh out a definition, and the term has generally come to mean that which is unique, uncommon, rare or out of the ordinary. The statute provides district courts considerable discretion and requires only that the court find that the defendant's situation is sufficiently unique to make detention pending sentencing inappropriate. A court may make such a finding based on "legal" reasons, "factual" reasons, or some combination of both. *United States v. Kaquatosh,* 252 F.Supp.2d 775, 777-78 (/opinion/2424705/united-states-v-kaquatosh/#777) (E.D.Wis.2003).

## II. DISCUSSION

I based my decision to continue defendant's bond pending sentence on several factors which, in combination, made defendant's situation exceptional. First, defendant fully cooperated with the government and, according to the prosecutor, will receive a U.S.S.G. § 5K1.1 motion at sentencing. I have, at the government's request, frequently allowed defendants who were currently cooperating to remain free pending sentence. The only difference between the present defendant's cooperation and that of the defendants in previous cases is that defendant completed his cooperation prior to pleading guilty. I concluded that it would be incongruent to treat defendant differently than past cooperators solely because he had provided all the assistance he could. In this connection, I note that I allow cooperators to remain free not only because they assist the government's crime-fighting efforts (though such assistance is important), but also because the likelihood of a substantial assistance motion constitutes an additional incentive to comply with release conditions and because cooperation is sometimes a step toward rehabilitation.

The second factor on which I based my decision was defendant's performance on pre-trial release. The magistrate judge originally granted defendant release because he had no prior record, was a lifelong resident of Milwaukee, a high school and college graduate, and the owner-operator of a cleaning business. The magistrate judge imposed release conditions including electronic monitoring, regular reporting to pre-trial services and urinalysis testing. Defendant's mother agreed to post her home as collateral, and defendant was required to live with her. De *709 fendant conducted himself extremely well on pre-trial release. He proceeded through all three "phases" of pre-trial services' drug testing protocol, and all of his urine tests were negative. Because of his compliance, the magistrate judge suspended the electronic monitoring requirement and placed defendant on curfew status. Defendant also secured full-time employment at Froedtert Hospital and frequently worked overtime. The father of three children, defendant brought himself up to date on his child support payments and continued to support his children. This evidence suggested that defendant had renounced criminal activity and was his taking his family responsibilities seriously. Thus, he was unlikely to flee or pose a danger. Further, defendant's positive conduct went beyond mere compliance with release conditions and was, compared to other defendants charged with similar offenses I have seen, out of the ordinary.

Third, defendant, who owned his own home, was attempting to sell or lease the property but was unable to do so prior to his plea hearing. He requested additional time to complete those efforts before commencing his prison sentence. I concluded that the public interest as well as defendant's interest would be well served if the home did not remain vacant while defendant served his time.

## III. CONCLUSION

Therefore, for this combination of reasons, I concluded that defendant was unlikely to flee or pose a danger, and that there were exceptional reasons justifying his continued release.